# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

BOARDS OF TRUSTEES OF THE
ALASKA PIPE TRADES U.A. LOCAL
367 HEALTH & SECURITY TRUST
FUND, *et al.*,

    Plaintiffs,

vs.

POLAR REFRIG & RESTAURANT
EQUIP, INC., *et al.*,

    Defendants.

3:18-CV-00050 JWS

ORDER AND OPINION

[Re: Doc. 15]

## I. MOTION PRESENTED

At docket 15 Plaintiffs Boards of Trustees of the Alaska Pipe Trades U.A. Local 367 Health & Security Trust Fund, Anchorage Alaska Area Pipe Trades Local Joint Apprenticeship Training Fund, U.A. Locals No. 375 and 367 Supplemental Pension Trust Fund, International Training Fund, and Plumbers & Pipefitters National Pension Fund ("Trust Funds") move for summary judgment against Defendant Polar Refrig & Restaurant Equip, Inc. ("Polar") and ask the court to award them payment of Polar's outstanding benefit contributions for the hours worked by Polar's employees from September 2016 through March 2018, as well as liquidated damages, interest, audit fees, and attorneys' fees. The Trust Funds also seek summary judgment against Defendant Hartford Fire Insurance Company ("Hartford") to collect proceeds from the General Contractor's License Bond Hartford issued to Polar. Polar did not respond to

the motion, but the Trust Funds filed a reply at docket 20. Oral argument was not requested and would not be of assistance to the court.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] The materiality requirement ensures that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[2] Ultimately, "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3] However, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[4]

The moving party has the burden of showing that there is no genuine dispute as to any material fact.[5] Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, the moving party need not present evidence to show that summary judgment is warranted; it need only point out the lack of any genuine dispute as to material fact.[6] Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[7] All evidence presented by the non-movant must be believed for purposes of summary

---

[1] Fed. R. Civ. P. 56(a).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[3] *Id.*

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[5] *Id.* at 323.

[6] *Id.* at 323-25.

[7] *Anderson,* 477 U.S. at 248-49.

judgment, and all justifiable inferences must be drawn in favor of the non-movant.[8] However, the non-moving party may not rest upon mere allegations or denials but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[9]

### III. UNDISPUTED FACTS

The Trust Funds are jointly administered labor-management employee benefit trust funds, organized and operated pursuant to ERISA, 29 U.S.C. § 1001, *et seq.* and created under Section 302(c) of the LMRA, 29 U.S.C. §§ 185 and 186(c). The Trust Funds provide employee benefits to covered employees of employers who are signatories to a collective bargaining agreement (CBA). In March of 2016, Polar executed an agreement that bound it to the National Service and Maintenance Agreement (NSMA), which is a CBA between the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO and the Mechanical Service Contractors of America. The NSMA requires Polar to contribute to the Trust Funds—the local ones and the International Training Fund. It incorporates the terms and conditions of the local CBAs for determining specific contribution requirements. Polar was also party to an agreement with the Plumbers & Pipefitters National Pension Fund (National Pension Fund Agreement) which required it to contribute to that particular Trust Fund. By signing the National Pension Fund Agreement and the NSMA, Polar agreed to the terms of the written trust agreements. The individual trust agreements provide for the payment of liquidated damages and interest in the event of delinquent contributions and set how those fees would be calculated.

---

[8] *Id.* at 255.

[9] *Id.* at 248-49.

Following the execution of the various agreements, Polar hired employees who performed work subject to the agreements' scope of work provisions. It also obtained a $25,000 bond from Hartford to insure against a breach of contract.

An audit conducted in 2018 revealed that Polar was delinquent in its contributions to the local Trust Funds from September 2016 through March 2018 in the amount of $12,356.81. The audit also calculated interest on the delinquent payments to be $1,176.11 and liquidated damages stemming from the delinquency to be $3,109.82. Fees for the audit, which Polar was obligated to pay under the agreements, amounted to $3,612.50. It was also determined by a trust administrator that Polar owed contributions in the amount of $10,659.11 to the Plumbers & Pipefitters National Pension Fund and the International Training Fund for this same period. The administrator calculated the interest owed to be $3,998.25 and the liquidated damages to be $1,537.64. The Trust Funds subsequently filed this action to collect benefit contributions from Polar.

Polar has not controverted the facts set forth by the Trust Funds, nor has it paid the amounts owed. The facts are supported by the materials submitted in conjunction with the motion.

## **IV. DISCUSSION**

The facts set forth in the motion and the supporting materials, which have not been contested, sufficiently demonstrate that the Trust Funds are entitled to summary judgment. Polar is liable for unpaid contributions to the Trust Funds in the amount of $23,015.92.

Under 29 U.S.C. § 1132(g)(2), the Trust Funds are entitled to fees as well.[10] These fees include interest on the unpaid contributions, liquidated damages provided

---

[10] *See Nw. Adm'rs, Inc. v. Albertson's Inc.*, 104 F.3d 253, 257 (9th Cir. 1996) (noting that a benefit plan is entitled to a mandatory fee award under ERISA if the employer is delinquent at the time the action is filed, the district court enters judgment against the employer, and the plan provides for an award of fees).

for under the plan, reasonable attorneys' fees and costs, and any other legal or equitable relief that is appropriate.[11]

The unpaid contributions amount to $23,015.92. Interest on the missed payments totals $5,174.36. Liquidated damages amount to $4,647.46. The audit fee is $3,612.50. Polar is therefore liable for a total of $36,450.24 plus attorneys' fees.

The Trust Funds are also entitled to summary judgment as to their claim for payment of $25,000 under the General Contractor's Bond issued by Hartford. The amount of contributions plus interest and fees owed under the various agreements totals more than $25,000 and therefore the entire amount of the bond's proceeds shall be paid to the Trust Funds to partially satisfy the amount owed by Polar.

### V. CONCLUSION

Based on the preceding discussion, the Trust Funds' motion for summary judgment at docket 15 is GRANTED. Polar is liable for $36,450.24, plus attorneys' fees and costs. The proceeds of Polar's General Contractor's Bond shall be paid to the Trust Funds in partial satisfaction of Polar's liability.

DATED this 5th day of August 2019.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[11] 29 U.S.C. § 1132(g)(2).